UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>PASSAIC COUNTY JAIL, et al.,<br><br>    Defendants. | Civil Action No. 15-8154 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge:

    Currently before this Court is the complaint of Plaintiff, Anthony Davis. (ECF No. 1). As this Court has granted Plaintiff *in forma pauperis* status, this Court is required to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint for failure to state a claim for which relief may be granted.

**I. BACKGROUND**

    Plaintiff, Anthony Davis, is a convicted state prisoner currently incarcerated at Northern State Prison. Plaintiff's complaint attempts to raise various medical related claims against the warden of and a doctor employed at the Passaic County Jail, where Plaintiff was previously incarcerated.[1] (ECF No. 1). Plaintiff provides only the following factual support for his claims:

---

[1] It is not clear if Plaintiff was in the jail as a convicted prisoner or as a pre-trial detainee prior to the conviction that resulted in his imprisonment in Northern State Prison.

1

> Dr. Hershowitz of Passaic County Jail misdiagnose[d Plaintiff] from 2013-2014[, a] clean civil case of medical malpractice. Also Dr. Hershowitz violated the Eight Amendment [through] cruel and unusual punishment inflicted [on Plaintiff] which is [a violation of Plaintiff's] constitution[al] rights. See American Law Institute Model Penal Code 303, 4, 304, 5 (1962) Standard 2.6 (1973) Also cite 50 L. Ed. 2d 251, 429 U.S. 97 *Estelle v. Gamble* (No. 75-929)[.] Warden S. Myers violat[ed] the 8th Amendment on or about 2013-2015 while [Plaintiff was] in Passaic County Jail [by] den[ying] housing area for a cancer patient and forc[ing Plaintiff] into a special unit which was not a medical unit with medical care & aid intentionally etc. [which] clearly violated [Plaintiff's] 8th Amendment [rights].

(*Id.* at 5). The only additional information Plaintiff provides is to state that he failed to exhaust his claims because he is "namely to wit [on his] death bed! Etc." (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff has been granted *in forma pauperis* status and is a convicted prisoner bringing suit against governmental employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not

2

do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### B. Analysis

Plaintiff attempts to raise claims pursuant to 42 U.S.C. § 1983 for a violation of his constitutional rights. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Petitioner attempts to assert a claim under § 1983 for deliberate indifference to his medical needs by the Warden and a doctor of Passaic County Jail as well as the jail itself, and a state law claim for medical malpractice against the doctor.

### 1. The Passaic County Jail is not a proper defendant in a § 1983 matter

Plaintiff attempts to raise his deliberate indifference claim against not only Dr. Hershowitz and Warden Myers, but also against Passaic County Jail itself. As this Court has explained, however,

> A County jail . . . is not a person amenable to suit under the statute. *See Kitchen v. Essex Cnty. Corr. Facility*, No. 12-2199, 2012 WL 1994505, at *3 (D.N.J. May 31, 2012); *Ingram v. Atl. Cnty. Justice Facility*, No. 10-1375, 2011 WL 65915, at *3 (D.N.J. Jan. 7, 2011); *see also Marsden v. Federal B.O.P.*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *McCoy v. Chesapeake Corr. Cntr.*, 788 F. Supp. 890, 893-894 (E.D. Va. 1992). The correct entity subject to suit under § 1983 for claims against the jail would be the county which operates the facility. See *Kitchen*, 2012 WL 1994505; *Vance v. Cnty. Of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (the county "Department of Corrections is an agency of the County . . . [t]he County is a proper defendant in a § 1983 claim, an agency of the County is not").

*Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). The Passaic County Jail is thus not a person under § 1983 and must therefore be dismissed with prejudice as a Defendant.

## 2. Plaintiff Fails to State a Claim for Deliberate Indifference

As to the two remaining Defendants, Plaintiff attempts to state a claim for deliberate indifference to his medical needs. Although Plaintiff argues that it was his Eighth Amendment rights which were violated, it is not clear from the complaint whether Plaintiff was a pre-trial detainee at the time of the events in question, and it is therefore not clear whether the Eighth Amendment, which applies only to convicted prisoners, or the Fourteenth Amendment, which applies to pre-trial detainees, applies to his claim. Even assuming, *arguendo*, that Plaintiff's claims fall under the rubric of the Fourteenth Amendment, which is at least as if not more protective than the Eighth Amendment standard, Plaintiff fails to state a claim for relief.

A prisoner's Eighth Amendment right to be free of cruel and unusual punishment is violated where prison officials are deliberately indifferent to the plaintiff's serious medical needs. *King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-44 (1983)); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Eighth Amendment's protections, however, apply only after a prisoner has been sentenced and convicted. *King*, 302 F. App'x at 96; *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005). Where a prisoner has not yet been convicted, the Fourteenth Amendment instead applies. *King*, 302 F. App'x at 96. Under the Fourteenth Amendment, jail officials housing pre-trial detainees are required to provide medical care as a failure to do so would amount to "punishment without an adjudication of guilt." *Id.* (citing *Hubbard*, 399 F.3d at 166). To determine whether a denial of treatment amounts to punishment requires the court to determine whether the denial "was imposed for the purpose of punishment or whether it [was] but an incident of some other legitimate governmental purpose." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)).

5

In making that determination, however, the courts generally indirectly apply the Eighth Amendment deliberate indifference test as "the Supreme Court has concluded that the Fourteenth Amendment affords pretrial detainees protections at least as great as" those provided by the Eighth Amendment. *Id.* (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). As the question of whether more protections are provided remains open, courts generally evaluate pre-trial claims using the *Estelle* deliberate indifference test. *Id.* at 96-97. As such, although Plaintiff's status at the time of the various events giving rise to his claims is not clear, this Court will apply the *Estelle* test to determine whether Plaintiff has asserted a proper violation of his Eighth or Fourteenth Amendment rights. *Id.*

Thus, Plaintiff must plead facts which, taken as true, would show that Defendants were deliberately indifferent to his needs, and that those medical needs are serious. *Id.* at 97. In this context, deliberate indifference equates to a reckless disregard of a substantial risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013). A prisoner's medical needs are serious where the need "has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Everett*, 547 F. App'x at 121 (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979)). Neither a prisoner's subjective dissatisfaction with the care provided nor his disagreement with medical staff's professional judgment is therefore sufficient to establish deliberate indifference. *See Hairston v. Director Bureau of Prisons*, 563 F.

6

App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).

Here, Plaintiff fails to plead facts which would indicate that either of the Defendants acted with reckless disregard of his medical needs. Indeed, Plaintiff provides little information at all to indicate what actions either Defendant took, or why. Instead, he merely claims that he was misdiagnosed, an action which suggests negligence rather than deliberate indifference, and that he was not placed on a medical ward by Warden Myers. Plaintiff does not plead that Myers knew of the apparent misdiagnosis, nor does he state that he had a specific diagnosed need to be under constant medical supervision at the time that Myers apparently placed him in a special wing. Likewise, although Plaintiff mentions that he is apparently a "cancer patient" he doesn't provide any information which would specifically require that he be put on constant medical treatment, nor facts suggesting Myers knew or should have known about such a requirement. Ultimately, Plaintiff has pled insufficient facts to state a claim for deliberate indifference to Plaintiff's medical needs by either Plaintiff. As such, this Court will dismiss that claim against both Dr. Hershowitz and Warden Myers without prejudice. *Iqbal*, 556 U.S. at 678; *King*, 302 F. App'x at 96-97. Because all of Plaintiff's federal claims over which this Court has original jurisdiction are being dismissed, this Court will in turn decline to exercise supplemental jurisdiction over Plaintiff's state law medical malpractice claim. 28 U.S.C. § 1367(c)(3).

7

## III. CONCLUSION

For the reasons stated above, this Court will dismiss Plaintiff's claims against Dr. Hershowitz and Warden Myers without prejudice for failure to state a claim for which relief can be granted; dismiss Plaintiff's claims against Passaic County Jail with prejudice, and will decline to exercise supplemental jurisdiction over Plaintiff's state law medical malpractice claim. An appropriate order follows.

_____
Hon. Jose L. Linares,
United States District Judge